### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

**GABRIEL DADZIE,**
**718 Westside Drive**
**Gaithersburg, Montgomery County, MD**
**20878**

                                                    **Civil Action No.: _____**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

<u>**Serve**</u>**: Erek L. Barron**
        **United States Attorney**
        **District of Maryland**
        **36 S. Charles Street, 4th Floor**
        **Baltimore, MD 21201**

<u>**Serve**</u>**: Merrick Garland**
        **United States Attorney General**
        **U.S. Department of Justice**
        **950 Pennsylvania Avenue, NW**
        **Washington, D.C. 20530-0001**

### <u>COMPLAINT</u>

The Plaintiff, Gabriel Dadzie, by counsel, for his Complaint against United States of

America, appears before this Court and respectfully states as follows:

### <u>Jurisdiction and Venue</u>

1

1.      This Court has subject matter jurisdiction over this matter pursuant to Public Vessels Act, 46 U.S.C. § 31101, *et seq.*; Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq.*; Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. § 30104; 28 U.S.C. § 1331; and 28 U.S.C. § 1333.

2.      Pursuant to Public Vessels Act, 46 U.S.C. § 31104 and Suits in Admiralty Act, 46 U.S.C. § 30906, venue is proper given the fact the vessel involved in this action is found within this district and the Plaintiff lives within this district. The Plaintiff, Gabriel Dadzie ("Plaintiff" or "Mr. Dadzie"), is a resident of the City of Gaithersburg, Montgomery County, Maryland.

### General Factual Allegations

3.      United States of America ("Defendant" or "U.S.A.") is a sovereign state which consented to be sued pursuant to 46 U.S.C. § 30901, *et seq.*, and 46 U.S.C. § 31101, *et seq*.

4.      On or about December 1, 2021 and at all times relevant to this action, the Defendant U.S.A. owned the public vessel SS ANTARES (the "Vessel").

5.      At all times relevant to this action, the SS ANTARES was and is at berth in the City of Baltimore, Maryland.

6.      On or about December 1, 2021, Tote Services, Inc. ("Tote Services") was ship manager of the Vessel pursuant to a binding contract with U.S.A. and, thus, at all times relevant to this action Tote Services acted as agent on behalf of U.S.A.

7.      On or about December 1, 2021, Mr. Dadzie was employed by Tote Services, on behalf of U.S.A., as a seaman and a member of the crew of the Vessel.

8.      On or about December 1, 2021, the Defendant U.S.A. by and through its agents, servants, and/or employees, controlled the Vessel.

9.      On or about December 1, 2021, U.S.A. operated the Vessel.

2

10.     At all times relevant to this action, U.S.A. was responsible for the acts and omissions of its agents, servants, and/or employees, including the agents, servants, and/or employees of Tote Services.

11.     On or about December 1, 2021, while in the performance of his duties in the service of the Vessel, Mr. Dadzie suffered serious personal injury.

12.     Generally, Mr. Dadzie and other seamen were ordered to assist in the lifting of the hatch on the aft cargo hold, which had to be done manually with the use of the deck crane.

13.     During the process, the master link which connects the crane hook jumped off the crane hook and flew across the vessel, striking Plaintiff directly in the head (hereinafter the "Incident").

14.     All of the above described actions occurred while the Plaintiff was in the performance of his duties under orders and in the service of the Vessel.

15.     At all times the U.S.A. was responsible for the actions of its employees and of the conditions aboard the Vessel.

16.     Prior to and at the time he suffered injury, the Plaintiff exercised due care for his own safety and well-being.

17.     On April 29, 2022, with regard to the incident and injury suffered by Mr. Dadzie, Plaintiff properly presented to the Division of Marine Insurance for the United States Maritime Administration (MARAD) and to its ship manager, Totes Services, a formal administrative claim that complied with all requirements of law.

18.     The administrative claim was hand delivered to and received by MARAD on May 9, 2022.

19.    In accordance with law, a copy of the administrative claim was mailed to and received by Tote Services, Inc. via registered mail.

20.    More than sixty (60) days have elapsed since MARAD, on behalf of U.S.A., received the administrative claim without denial of the claim.   Further, the parties have not resolved the claim.

**COUNT I**
**JONES ACT NEGLIGENCE CLAIM**

21.    The Plaintiff reiterates the allegations set forth in all paragraphs written above.

22.    The personal injury suffered by the Plaintiff was not caused by any fault on his part but was caused by the negligence of Defendant United States of America, its manager, agents, servants and/or employees and/or Tote Services, Inc., its agents, servants and/or employees.

23.    Defendant is responsible for the actions of its agents in the delegation of its duty to provide appropriate medical care to Plaintiff.

24.    The Defendant was negligent in the following ways:

   (a)    Defendant failed to provide a safe place in which to work;

   (b)    Defendant failed to comply with its own policies and procedures;

   (c)    Defendant failed to operate the ship properly;

   (d)    Defendant failed to warn plaintiff of a potentially dangerous condition;

   (e)    Defendant failed to train employees in safe work practices;

   (f)    Defendant failed to maintain the ship properly;

   (g)    Defendant failed to inspect the vessel to ensure it was sound and seaworthy;

   (h)    Defendant failed to provide a competent crew;

(i)   Defendant failed to provide adequate medical care; and

(j)   Other particulars to be shown at the trial of this case.

25.   As a result of the incident which is the basis of this claim, the Plaintiff suffered injury and suffered and continues to suffer great pain of body and anguish of mind, inconvenience, embarrassment, humiliation, anxiety and emotional distress; incurred and continues to incur medical expenses; lost time and wages from his usual work and pursuits and continues to suffer such losses; suffered permanent loss of earning capacity; and suffered and will continue to suffer other damages as will be shown at trial.

26.   This cause of action is brought under the Merchant Marine Act of 1920, 46 U.S.C. §30104, commonly called the Jones Act.

## COUNT II
## GENERAL MARITIME LAW – UNSEAWORTHINESS

27.   The Plaintiff reiterates the allegations written in all paragraphs set forth above.

28.   The injury suffered by the Plaintiff was due to no fault of his but was caused by the unseaworthiness of the Vessel.

29.   The Vessel was unseaworthy because equipment provided on the Vessel was not fit for the purpose for which it was intended and was unsafe as a result.

30.   The Vessel further was unseaworthy because the Defendant failed to provide a competent crew to direct and undertake the work.

31.   As a result of the incident which is the basis of this claim, the Plaintiff suffered injury and suffered and continues to suffer great pain of body and anguish of mind, inconvenience, embarrassment, humiliation, anxiety and emotional distress; incurred and continues to incur medical expenses; lost time and wages from his usual work and pursuits and continues to suffer

such losses; suffered permanent loss of earning capacity; and suffered and will continue to suffer other damages as will be shown at trial.

32.     This cause of action is brought under general maritime law for unseaworthiness.

## COUNT III
## GENERAL MARITIME LAW - MAINTENANCE AND CURE

33.     The Plaintiff Gabriel Dadzie, reiterates all of the allegations written in all paragraphs above.

34.     Pursuant to the general maritime law of the United States, U.S.A. is duty bound to provide to Plaintiff maintenance and cure.

35.     U.S.A. failed to pay to Plaintiff all maintenance and cure due to him.

36.     As a result of the incident which is the basis of this claim, the Plaintiff suffered injury and suffered and continues to suffer great pain of body and anguish of mind, inconvenience, embarrassment, humiliation, anxiety and emotional distress; incurred and continues to incur medical expenses; lost time and wages from his usual work and pursuits and continues to suffer such losses; suffered permanent loss of earning capacity; and suffered and will continue to suffer other damages as will be shown at trial.

WHEREFORE, the Plaintiff, GABRIEL DADZIE, demands judgment against the Defendant United States of America for damages in excess of the jurisdictional amount for the aggregate of all claims set forth above, together with all costs incident to this action and pre- and post-judgment interest.

GABRIEL DADZIE


By:                /s/ Robert M. Schwartzman, Esquire
   _____
         Robert M. Schwartzman, Esquire
         Attorney at Law
         CPF# 8011010339
         Schwartzman Law, LLC
         2313 Hidden Glen Drive
         Owings Mills, MD 21117
         Telephone: 410-852-7367
         Email: rms@rs-atty.com

         *Counsel for the Plaintiff*

OF COUNSEL:
Brian Beckcom, Esq.
Texas Bar Number 24012268
Jose Calderon, Esq.
Texas Bar Number 24099405
Vujasinovic & Beckcom, PLLC
6363 Woodway St., Suite 400
Houston, TX 77057
Telephone: 713-224-7800
Email: brian@vbattorneys.com
Email: jose@vbattorneys.com